**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BABAESU BEY,                           :
    Plaintiff                          :              No. 1:23-cv-00328
                                       :
    v.                                 :              (Judge Kane)
                                       :
CO1 SHAY HOLT, et al.,                  :
    Defendants                         :

**MEMORANDUM**

Currently before the Court are the following motions filed by the parties: (1) Defendants' motion to file their response to the Court's November 20, 2025 Order to Show Cause nunc pro tunc; (2) pro se Plaintiff Babaesu Bey ("Bey")'s second, third, and fourth motions to compel discovery; (3) Defendants' motion for summary judgment; (4) Defendants' motion for an extension of time to file their statement of material facts and brief in support of their motion for summary judgment; (5) Bey's motion to reopen discovery; and (6) Bey's motion for an extension of time to file his response to Defendants' motion for summary judgment.  For the reasons stated below, the Court will (1) grant Defendants' motion to file their response to the Court's November 20, 2025 Order to Show Cause nunc pro tunc, deem their response as timely filed, and direct the Clerk of Court to docket their response; (2) deny Bey's second motion to compel discovery to the extent that he seeks reimbursement for his reasonable expenses incurred in filing the motion; (3) deny Bey's third motion to compel discovery; (4) deem Bey's fourth motion to compel discovery withdrawn due to his failure to file a supporting brief; (5) deny without prejudice Defendants' motion for summary judgment; (6) grant Bey's motion to reopen discovery and reopen discovery for a period of sixty days; (7) establish a new deadline for the parties to file dispositive motions; and (8) deny as moot the parties' motions for extensions of time.

## I.      BACKGROUND

Bey, a convicted and sentenced state prisoner, is currently proceeding on 42 U.S.C. § 1983 claims for violations of his (1) First Amendment rights against twelve Defendants, all of whom were allegedly employees of the Commonwealth of Pennsylvania Department of Corrections ("DOC") and (2) Eighth Amendment rights against one of those Defendants. (Doc. No. 22); see also (Doc. No. 33 at 4–10 (summarizing Bey's allegations and claims)).[1] On March 24, 2025, the Court issued an Order which, inter alia, established a discovery deadline of July 23, 2025, and a dispositive motions deadline of September 23, 2025. (Doc. No. 34 at 1.)

Prior to the close of discovery, Bey filed a motion to compel Defendants to respond to his written requests for production of documents that he sent to them on April 10, 2025 ("First Motion to Compel"), along with a supporting brief and supporting declaration. (Doc. Nos. 42–44.) Then, on August 12, 2025, shortly after the close of discovery, Bey filed a second motion to compel in which he sought an order requiring Defendants to respond to his written interrogatories ("Second Motion to Compel"), along with a supporting brief. (Doc. Nos. 45, 46.)[2] In both motions, Bey represented that he attempted to contact defense counsel regarding

---

[1] Bey's Eighth Amendment claim relates to his allegation that, on October 28, 2022, Defendant Shay Holt ("Holt"), a correctional officer employed at Pennsylvania State Correctional Institution Mahanoy ("SCI Mahanoy"), used excessive force when he grabbed Bey's wrist and twisted Bey's arm behind his back while Bey was standing in a dining hall line. See (Doc. No. 22 at 7). Bey's First Amendment claims pertain to his allegations that Defendants Bernadette Mason ("Mason"), Charles Stetler, Laura Banta, Lori White, Jodi Cobian ("Cobian"), Jeanne Macknight, John Chuma, Krisa Tobias, Kevin Kellner ("Kellner"), Jeremy Lotwick, Ann Verbyla, and Holt, retaliated against him for reporting Holt's alleged assault. See (id. at 8–12, 16–17, 19–20).

[2] Prior to filing both motions to compel, Bey filed his written discovery requests on the docket in this matter (Doc. Nos. 36, 37, 40–41), which violated the Local Rules. See M.D. Pa. L.R. 5.4(b) ("Interrogatories, requests for disclosures, requests for documents, requests for admissions, and answers and responses thereto shall be served upon other counsel and parties but shall not be filed with the court except as authorized by a provision of the Federal Rules of Civil

their discovery responses on May 28, 2025, but defense counsel did not respond to him.  See

(Doc. Nos. 43 ¶¶ 4–5; 46 at 2).  Moreover, Bey noted that defense counsel never sought an

extension of time to file Defendants' responses to his written discovery, and they did not file

responses to his motions to compel.  See (Doc. No. 48 at 3).

On September 23, 2025, which was the deadline for filing dispositive motions,

Defendants filed a motion for an extension of time to complete discovery and to file dispositive

motions.  (Doc. No. 47.)  Bey filed an omnibus response opposing Defendants' motion, seeking a

Court order directing Defendants to send documents directly to him at prison, and seeking an

order imposing sanctions against Defendants for their failure to respond to his written discovery.

(Doc. No. 48.)

On November 20, 2025, the Court issued an Order resolving the above motions.  (Doc.

No. 49.)  This Order, inter alia: (1) granted Bey's two motions to compel discovery to the extent

he sought orders requiring Defendants to respond to his written discovery; (2) denied Bey's

motions to compel discovery to the extent he sought orders deeming any objections to his written

discovery waived; (3) deferred Bey's request in his second motion to compel discovery for an

order directing Defendants to pay $50 towards his reasonable expenses incurred in filing his

motions to compel discovery; (4) ordered Defendants to show cause within fourteen days why

the Court should not direct them to pay Bey's reasonable expenses in filing his motions to

compel discovery; (5) provided Bey with twenty-one days from the date Defendants filed their

response to file a submission supporting his request for $50 in expenses; (6) denied Defendants'

motion seeking an extension of the discovery deadline; (7) granted Defendants' motion seeking

---

Procedure or upon an order of the court. Bey filed his written discovery requests on the docket in
this case.").

an extension of the dispositive motions deadline and extended the date for filing dispositive motions to January 5, 2026; (8) reopened discovery for the limited purpose of allowing Defendants to respond to Bey's written discovery, and (9) provided Defendants with a period of fourteen days to provide full and complete responses to Bey's written discovery. See (id. at 6–7).

Defendants did not file a response to the Court's order requiring them to show cause why the Court should not require them to pay Bey's reasonable expenses within the fourteen-day period; however, they filed a motion to file their response nunc pro tunc on December 23, 2025. (Doc. No. 50.)  They attached a copy of their proposed response to the motion.  (Doc. No. 50-2.)

On January 5, 2026, Bey filed a third motion to compel discovery ("Third Motion to Compel") along with a supporting brief in which he asserts that he received incomplete responses to his request for production of documents and indicates that Defendants also raised several improper objections to certain written materials he sought in his request.  See (Doc. Nos. 51-1 at 3; 52 at 2).  On the same date, Defendants filed a motion for summary judgment (Doc. No. 53) and a motion for an extension of time to file their statement of material facts in support of their motion (Doc. No. 54).

Bey filed his fourth motion to compel discovery ("Fourth Motion to Compel") on January 7, 2026.  (Doc. No. 55.)  Approximately a week later, Bey filed a motion to reopen discovery (Doc. No. 56), along with a supporting brief (Doc. No. 57).  On January 20, 2026, Bey filed a brief in opposition to Defendants' motion to file their response to the Court's November 20, 2025 Order to Show Cause nunc pro tunc (Doc. No. 58) and a reply to Defendants' response to the Order to Show Cause that they attached to their motion (Doc. No. 59).  On the same date, Defendants filed their statement of facts in support of their motion for summary judgment and a supporting brief.  (Doc. Nos. 60–61.)  On February 10, 2026, Bey filed a motion for an extension

of time to file his response to Defendants' motion for summary judgment.  (Doc. No. 63.)  The parties' pending motions are ripe for disposition.

## II.     DISCUSSION

### A.     Defendants' Motion for Leave to File Their Response to the Court's November 20, 2025 Order to Show Cause <u>Nunc</u> <u>Pro</u> <u>Tunc</u> (Doc. No. 50)

As noted above, Defendants failed to file a response to the Court's November 20, 2025 Order, which, <u>inter alia</u>, directed them to show cause why they should not have to pay $50 towards Bey's reasonable expenses in filing his first two motions to compel.  They have now filed a motion for leave to file their response to the Order to Show Cause <u>nunc</u> <u>pro</u> <u>tunc</u>.  (Doc. No. 50.)  In Defendants' motion, defense counsel notes that Defendants missed the Court's deadline because he misinterpreted the Court's Order as to when their response was due.  <u>See</u> (<u>id.</u> at 3).  Defense counsel points out that Bey is not prejudiced by the brief delay in filing a response, whereas Defendants would be prejudiced if the Court does not consider their response.  <u>See</u> (<u>id.</u>).

Bey opposes Defendants' motion, based in significant part on his assertion that they still have not provided him with complete responses to his written discovery requests.  <u>See</u> (Doc. No. 58 at 3).  He indicates that Defendants missed the Court's deadline to file their response to the Order by "several weeks."  <u>See</u> (<u>id.</u> at 4).  He contends that he has been prejudiced insofar Defendants' failures to timely act cause him to spend time on this case instead of "trying to work on [his] criminal conviction."  <u>See</u> (<u>id.</u>).

After considering the parties' submissions, the Court will grant Defendants' motion, deem their response to be timely filed, and direct the Clerk of Court to docket their response attached to their motion as their response to the Court's November 20, 2025 Order to Show Cause.  Contrary to Bey's assertion, Defendants filed their motion less than two weeks after the Court's

deadline.  In addition, the Court finds that Defendants would be unfairly prejudiced by the Court

not considering their response, and they should not be effectively punished by their counsel's

mistake.  Therefore, the Court finds that Defendants satisfied their burden to justify their

requested relief and will grant them leave to file their response to the Order to Show Cause nunc

pro tunc.  See Fed. R. Civ. P. 6(b)(1)(B); Fed. R. Civ. P. 16(b)(4).

> **B.      Bey's Request in his August 12, 2025 Motion to Compel Discovery (Doc. No. 45) that the Court Direct Defendants to Pay $50 Toward His Reasonable Expenses in Filing His First Two Motions to Compel Discovery**

> **1.      Applicable Law**

Rule 37 of the Federal Rules of Civil Procedure provides as follows:

> If [a] motion [to compel discovery] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

> (iii) other circumstances make an award of expenses unjust.

See Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  Based on this language, payment of a

movant's reasonable expenses incurred in making the motion to compel is mandatory unless the

Court finds that the failure to provide discovery is "substantially justified" or the "circumstances

make an award of expenses unjust."  See Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii).

The party moving for sanctions under Rule 37 has the burden of showing that their claim

for fees and costs is reasonable.  See ASD Specialty Healthcare, Inc. v. New Life Home Care,

Inc., No. 11-cv-00068, 2013 WL 1482777, at *7 (M.D. Pa. April 10, 2013) (applying Fed. R.

Civ. P. 37(b)(2)(C)); see also LightStyles, Ltd. ex rel. Haller v. Marvin Lumber & Cedar Co., No.

13-cv-01510, 2015 WL 4078826, at *2 (M.D. Pa. July 6, 2015).  On the other hand, "[t]he

nonmoving party has the burden of showing that its response or objection to the discovery was

substantially justified or that other circumstances make an award of expenses unjust." See

LightStyles, 2015 WL 4078826, at *2 (citations omitted).  "A party is substantially justified in

failing to make required discovery when a reasonable person is 'satisf[ied] . . . that parties could

differ as to whether the party was required to comply with the disclosure request.'" Id. (quoting

Tolerico v. Home Depot, 205 F.R.D. 169, 175–76 (M.D. Pa. 2002)).  "The test of substantial

justification is satisfied if there exists a genuine dispute concerning compliance." Tolerico, 205

F.R.D. at 175–76.

### 2. The Parties' Arguments

#### a. Defendants' Arguments

Defendants argue that the Court cannot award Bey his reasonable expenses in filing his

August 12, 2025 motion to compel (Doc. No. 45) because he never attempted to confer in good

faith with defense counsel before filing the motion.  See (Doc. No. 50-2 at 6–7).  They also

contend that their delayed responses to Bey's discovery requests were substantially justified

because of a cyber incident at the Pennsylvania Office of the Attorney General ("OAG") on

August 9, 2025, which caused their counsel to lose his electronic communications from his

clients, many of which have retired from the DOC, his contact information for his clients, and

the working drafts of Defendants' discovery responses.  See (id. at 3, 7).[3]  Even after the cyber

incident was resolved, defense counsel experienced issues with certain electronic

---

[3]  As the Court stated in the November 20, 2025 Order, the Court will presume that the cyberattack lasted from August 9, 2025, through September 22, 2025.  See (Doc. No. 49 at 4 & n.3 (citing In re: Pa. Att'y Gen.'s Office Cyberattack, Standing Order No. 2025-05)).

communications because the OAG's reconstituted email blocked certain external senders. See (id. at 7). Defendants contend that all the delays caused by the cyber incident were out of their and their counsel's control. See (id. at 8).

Defendants also point out that they did not contest Bey's motions to compel, and they have now provided the requested discovery to Bey. See (id. at 7). Thus, they assert that "[t]his is not a case where Defendants unreasonably objected to or withheld responses to [a p]laintiff's discovery or conducted proceedings in an unprofessional manner." See (id. (citing NRA Grp., LLC v. Durenleau, No. 21-cv-00715, 2021 WL 5863842, at *4 (M.D. Pa. Oct. 12, 2021))). Rather, "Defendants simply required more time to complete their responses to the discovery requests and [defense counsel] required additional time to re-obtain client contact information, coral [sic] and correspond with multiple defendants, and re-draft discovery responses." See (id. at 8). They note that they would not oppose Bey's request if he wanted to reopen discovery in this case. See (id.).

### b.    Bey's Arguments

Bey reiterates that he seeks $50 for his expenses incurred in filing his motions to compel in this case. See (Doc. No. 59 at 1). In support of his request, Bey submits a certification showing that he incurred $62.27 in fees and costs for his work starting with preparing and copying his Second Motion to Compel (Doc. No. 45) through August 7, 2025. See (id. at 9–11; Doc. No. 59-1 at 2–5).

Bey points out that Defendants concede that he attempted to confer with defense counsel in good faith before filing his First Motion to Compel, and Bey asserts that he was unable to locate a Rule requiring him to confer with defense counsel again before filing his Second Motion to Compel. See (Doc. No. 59 at 5). He also points out that Defendants neither responded to his

8

written discovery requests within thirty days as required by Federal Rules of Civil Procedure, nor sought extensions of time from him or the Court to do so. See (id. at 5, 7). As such, Bey believes that Defendants have "ma[d]e up a [R]ule" they claim he failed to follow. See (id. at 5).

As for Defendants' argument that their inaction has not prejudiced him in this case, he contends that this argument is irrelevant in this case because Rule 37(a)(5)(A) does not specify that the Court should consider any possible prejudice when determining his entitlement to reimbursement of his reasonable expenses. See (id. at 6). Regardless, he asserts that he suffered prejudice because Defendants' timely responses to him "would have provided him with sufficient time to submit additional [i]nterrogatories and document discovery request[s] prior to the" discovery deadline. See (id.).

Regarding Defendants' contention that the OAG's cyber incident substantially justifies their delays in responding to his written discovery, Bey notes that the discovery deadline was July 23, 2025, and the cyber incident did not occur until August 9, 2025. See (id.). Bey further argues that:

> Defendants' counsel failed at every turn to abide by the rules that govern this proceeding. [Counsel] willfully neglected to respond to [Bey's] inquiry; [counsel] insolently failed to respond to [Bey's] motions to compel; [counsel] insistently refused to petition this Court for an [e]xtension of time; and [counsel] has ironically filed an untimely petition again accusing [Bey] of not abiding by the [r]ules.

See (id. at 8).

### 3.    Analysis

#### a.    The First Motion to Compel Discovery

To award Bey his reasonable expenses incurred in filing his First Motion to Compel Discovery, the Court must make three findings. First, Bey must have attempted in good faith to obtain Defendants' responses to his requests for production of documents before seeking court

action.  See Fed. R. Civ. P. 37(a)(5)(A)(i).  Second, Defendants' failure to respond must not have been substantially justified.  See Fed. R. Civ. P. 37(a)(5)(A)(ii).  Third, and finally, the circumstances in the case cannot render the award of expenses unjust.  See Fed. R. Civ. P. 37(a)(5)(A)(iii).  As explained below, the Court finds that each of these requirements is satisfied as to the First Motion to Compel.

As for whether Bey attempted to resolve the discovery issue in good faith, Defendants do not contest that Bey attempted in good faith to obtain their responses to his requests for production of documents without court action when he sent defense counsel a letter on May 28, 2025.  See (Doc. No. 50-2 at 6 (asserting that Bey's May 28, 2025 letter to [defense] counsel may indicate that he attempted to confer before filing" the First Motion to Compel)).  Bey then waited almost a month for Defendants to respond to his letter before sending his First Motion to Compel for docketing with the Clerk of Court on June 23, 2025.  See (Doc. No. 42 at 1 (dating First Motion to Compel on June 23, 2025); id. at 2 (showing that envelope containing First Motion to Compel is postmarked June 23, 2025)).  Although defense counsel represents that he did not receive Bey's letter until June 16, 2025, see (Doc. No. 50-2 at 2), this delay in receipt does not negate a finding that Bey attempted in good faith to confer with defense counsel because counsel received the letter before Bey mailed the First Motion to Compel, and counsel did not attempt to contact Bey after receiving the letter.  Therefore, the Court finds that Bey attempted in good faith to obtain responses to his document requests before filing the First Motion to Compel.

As for whether Defendants had a substantial justification for failing to respond to Bey's discovery requests, defense counsel's justification for not responding prior to Bey's May 28, 2025 letter is that he "neglected to appropriately calendar [Bey']s initial Request for Production

of Documents."  See (id.).  Then, after receiving Bey's letter on June 16, 2025, defense counsel's

justification for not responding appears to be his receipt of Bey's interrogatories on June 9, 2025,

his realization on the same date that he had not responded to Bey's document requests, and his

initiation of work to respond to Bey's written discovery.  See (id. at 2–3).

The Court is mindful that, inter alia: (1) Bey is proceeding pro se while incarcerated,

which potentially creates difficulties for Bey and defense counsel beyond those encountered in

civil litigation where all parties are represented by counsel, see, e.g., Fields v. Huot, No. 17-cv-

02662, 2019 WL 220142, at *2 (D. Minn. Jan. 16, 2019) ("The Court is well aware that in

prisoner litigation, pro se plaintiffs occasionally have difficulties meeting deadlines because of

delays in receiving mail."); Bowers v. Foster, No. 16-cv-00331, 2017 WL 473886, at *3 (E.D.

Wis. Feb. 3, 2017) (noting that "[p]ro se prisoner litigation is difficult enough to defend against

and manage when prisoners conduct the litigation in good faith"); Beard v. Deutsche Bank Nat'l

Tr., No. 12-cv-00754, 2012 WL 12883045, at *3 (W.D. Tex. Oct. 22, 2012) (recognizing "the

difficulties inherent in pro se litigation"); (2) although this might be Bey's only civil case,

defense counsel likely is representing clients on behalf of the OAG in other matters and has

responsibilities in those other cases; (3) defense counsel represents twelve Defendants in this

case, most of whom are retired from the DOC; and (4) responding to Bey's document requests

might require more than the thirty-day period provided by the Federal Rules of Civil Procedure,

see Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the [documents] request is directed must

respond in writing within 30 days after being served or--if the request was delivered under Rule

26(d)(2)--within 30 days after the parties' first Rule 26(f) conference.").  Nevertheless, it appears

that the asserted "justification" in this case is best characterized as inadvertence or neglect,

neither of which constitutes a "substantial justification" for not timely responding to Bey's

document requests or seeking an extension of time to do so.  See, e.g., Browne v. Equifax Info.

Servs. LLC, No. 23-cv-00064, 2024 WL 4315119, at *5 (N.D. Ind. Sept. 27, 2024) (explaining

that "even the most excusable of neglect does not answer the central question at issue: whether

there was 'substantial justification' for the discovery that was sought"); Labadie v. Dennis, No.

07-cv-00480, 2008 WL 5411901, at *4 (W.D. Mich. Dec. 23, 2008) (determining that the

plaintiff's failure to respond to his discovery obligations was not substantially justified where

"[t]he record shows that [he] has neglected his obligations under the Case Management Order

and the Federal Rules of Civil Procedure"); Bado v. Southland Indus. Inc., No. 07-cv-01081,

2008 WL 11366415, at *2 (D. Md. July 31, 2008) ("[A]lthough there is no indication of bad faith

on Defendant's part, Defendant has not shown that its failure was substantially justified, nor has

it identified any circumstances that would make an award of fees unjust given the fact that

Plaintiff incurred additional attorney's fees as a result of counsel's neglect.").  Furthermore,

Defendants' failure to file a response to Bey's First Motion to Compel militates against a finding

of substantial justification.  See, e.g., Brown v. Iowa, 152 F.R.D. 168, 174 (S.D. Iowa 1993)

("[T]he Assistant Attorney General failed to even file a resistance to Brown's and Andre's motion

to compel.  In the absence of any resistance, Defendants' position cannot be substantially

justified." (citing M & D Builders, Inc. v. Peck, 109 F.R.D. 410, 412 (D. Mass. 1986))); M & D

Builders, 109 F.R.D. at 412 ("Since no opposition to the motion to compel was filed, it is

impossible to find any 'substantial justification' to the opposition.").  Therefore, the Court finds

that Defendants' failure to respond to Bey's document requests was not substantially justified.

As for the final requirement, i.e., whether awarding Bey's expenses in filing the First

Motion to Compel would be unjust, there are no circumstances evident in the record which

would make an award of reasonable expenses unjust in this case.  Bey appears to have followed

the applicable procedures for asking Defendants to produce the requested documents to him, and this is not a case where Defendants failed to timely respond because they objected to Bey's requests or otherwise asserted that any or all the requests were improper.  As such, the Court concludes that circumstances are not present which would make awarding Bey's reasonable expenses in filing his First Motion to Compel unjust.

Overall, Bey had to engage in motion practice to obtain the documents he sought, and Rule 37(a)(5)(A) mandates that the Court require Defendants to pay Bey's reasonable expenses in filing his First Motion to Compel after finding that none of the circumstances for denying an award are present in this case.  See, e.g., Pegoraro v. Marrero, 10-cv-00051, 2012 WL 5964395, at *4 (S.D.N.Y. Nov. 28, 2012) (explaining that Rule 37(a)(5)(A)'s imposition of an award of reasonable expenses "is mandatory unless one of the conditions for not making an award is found to exist, but these conditions are themselves broad enough that the court retains some discretion in the matter").  Therefore, Bey is entitled to payment of his reasonable expenses in filing his First Motion to Compel.  However, Bey has not provided any support for the $50 he claims were his reasonable expenses.

Preliminarily, the Court notes that any award in this case is limited to Bey's "reasonable expenses incurred in making the [First Motion to Compel], including attorney's fees," see Fed. R. Civ. P. 37(a)(5)(A), and he has not specified the expenses he incurred in filing the First Motion to Compel in his certification accompanying his reply to Defendants' response to the Court's Order to Show Cause.  See (Doc. No. 59 at 9–11).  Instead, his request for $50 in reasonable expenses is based on documents he prepared in conjunction with his First and Second Motions to Compel. See (id.).  He also seeks reimbursement of $1.50 he spent for two fifty-sheet notepads upon which he drafted his motion and supporting brief, see (id. at 9), despite the text of his First

13

Motion to Compel, supporting declaration, and supporting brief consisting of only a total of thirteen handwritten pages.  See (Doc. Nos. 42–44).  Similarly, Bey seeks reimbursement for the $1.89 he spent on nine envelopes even though he used only three envelopes when filing his First Motion to Compel, supporting declaration, and supporting brief.  See (Doc. Nos. 42 at 2; 43 at 9; 44 at 2).

Although Bey's certification makes calculation of his reasonable expenses more difficult than necessary, he provides enough information for a determination of the reasonable expenses he incurred in filing his First Motion to Compel.  In this regard, the Court will award Bey a total of $7.65 as his reasonable expenses.  This award consists of: (1) $6.93 in postage for the three envelopes Bey used to send his documents on June 23, 2025, see (Doc. No. 59 at 10); (2) $0.63 for his purchase of the three envelopes, see (id. at 9); and (3) $0.09 for the thirteen pages out of the fifty-page legal pad for which he paid $0.75 and used to file his submissions relating to the First Motion to Compel, see (id.).

### b.      The Second Motion to Compel

Unlike Bey's First Motion to Compel, the Court will not award him any expenses relating to his Second Motion to Compel because he never attempted in good faith to obtain answers to his interrogatories from Defendants before filing the motion.  Although Bey asserts that the Federal Rules of Civil Procedure do not require that he attempt in good faith to confer with Defendants before filing the Second Motion to Compel, see (Doc. No. 59 at 5), he is mistaken because Rule 37 specifically required him to do so.  See Fed. R. Civ. P. 37(a)(1) (providing that a motion "for an order compelling disclosure or discovery . . . must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); see also M.D. Pa.

14

L.R. 26.3 ("Counsel for movant in a discovery motion shall file as part of the motion a statement certifying that counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the court, together with a detailed explanation why such agreement could not be reached."). Bey's Second Motion to Compel does not contain the required certification that he attempted to confer with defense counsel to obtain responses to his interrogatories before filing the motion. Moreover, Bey's May 28, 2025 letter to defense counsel does not constitute a good-faith attempt to confer relating to his interrogatories because the letter references only his first request for production of documents he submitted on April 10, 2025, and does not mention responses to interrogatories. See (Doc. No. 44-3 at 2). Nor could it reference Bey's interrogatories because he did not send his interrogatories to Defendants until four days after his letter, i.e., on June 1, 2025. See (Doc. No. 45 at 6 (representing he sent interrogatories to Defendants on June 1, 2025)). Accordingly, the Court will not award Bey any expenses incurred in filing his Second Motion to Compel.

### C.    Bey's Third Motion to Compel (Doc. No. 51)

In his Third Motion to Compel, Bey acknowledges that Defendants provided him with responses to his document requests; however, he contends that those responses are incomplete and contain improper and unwarranted objections. See (Doc. Nos. 51-1 at 2–3; 52 at 4–9). He also argues that Defendants waived any objections to his document requests by failing to raise them in a timely manner. See (Doc. No. 52 at 5). The Court will deny this motion because Bey did not include with his motion a certification that he attempted in good faith to confer with defense counsel prior to filing the motion. See Fed. R. Civ. P. 37(a)(1); M.D. Pa. L.R. 26.3.

If Bey opposes Defendants' objections to certain of his requests for production of documents, he must first attempt in good faith to confer with defense counsel to resolve those

objections.  His status as a pro se incarcerated plaintiff does not relieve him of this obligation.

Moreover, if Bey's attempt in good faith to confer with defense counsel is unsuccessful or he is

dissatisfied with their conference, he can then file a motion seeking to compel Defendants to

provide him with complete responses to his discovery requests.  See Paluch v. Dawson, No. 06-

cv-01751, 2007 WL 4375937, *2 (M.D. Pa. Dec. 12, 2007) ("Federal Rule of Civil Procedure 37

allows a party who has received evasive or incomplete discovery responses to seek a court order

compelling additional disclosure or discovery.").  In such a motion and supporting brief, Bey

must specifically identify the documents he seeks as well as Defendants' responses and

objections to the requested discovery, and he must submit copies of his discovery requests and

Defendants' responses thereto.  See M.D. Pa. L.R. 5.4(c) ("If relief is sought under any of the

Federal Rules of Civil Procedure, a copy of the discovery matters in dispute shall be filed with

the court contemporaneously with any motion filed under these rules by the party seeking to

invoke the court's relief.").  Bey should also explain how the requested documents are

discoverable under the Federal Rules of Civil Procedure, which sets forth the scope of discovery

as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

See Fed. R. Civ. P. 26(b)(1).[4]

---

[4]  When addressing a properly filed motion to compel discovery:

> a court must first determine whether the requesting party met their "burden of showing that the information sought is relevant to the subject matter of the action." Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000) (noting that a party is not entitled to discovery where they fail to show the information sought is relevant);

16

**D.      Bey's Fourth Motion to Compel (Doc. No. 55)**

Bey filed a Fourth Motion to Compel in which he again seeks Defendants' responses to his document requests and asserts that their objections are unsustainable.  See (Doc. No. 55-2 at 1–3).  The Court will deem this motion withdrawn due to Bey's failure to file a brief in support of the motion.  See M.D. Pa. 7.5 ("Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion.  . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.").  Additionally, even if the Court considered the motion, the Court would deny it because it is duplicative of Bey's Third Motion to Compel.

**E.      Bey's Motion to Reopen Discovery (Doc. No. 56)**

Bey seeks an Order reopening discovery in this case because he did not receive his requested documents from Defendants until December 19, 2025, and those documents revealed several pieces of information for which he seeks further discovery.  See (Doc. No. 57 at 6).  As best the Court can discern from Bey's brief in support of his motion, this information consists of the following.  First, Defendant Jodi Cobian ("Cobian"), who was allegedly a Lieutenant at Pennsylvania State Correctional Institution Mahanoy ("SCI Mahanoy") during the events described in Bey's amended complaint, asserted that Bey "refused to co-operate" and "refused to

---

see also Miller v. Heil Co., No. [20-cv-00091], 2021 WL 12311672, at *12 (W.D. Pa. July 29, 2021) (noting that before a court reaches disputed issues such as privilege, "it must first make a determination as to the relevance of the requested documents").  A court must also assess whether requested discovery is "privileged or otherwise protected."  Caver, 192 F.R.D. at 159; see King v. Verizon New Jersey, Inc., No. [21-cv-11226], 2023 WL 5817126, at *4 (D.N.J. Sept. 6, 2023) (noting that once evidence is deemed relevant, the burden shifts to the opposing party to show that the evidence is not discoverable due to privilege or other considerations).

See Orr Indus. of Pa. LLC v. Muehling, No. 24-cv-01518, 2025 WL 3492821, at *2 (M.D. Pa. Dec. 5, 2025).

be interviewed." See (id.). Bey indicates that those refusals should have been noted on an investigative report, and he claims that Cobian's assertion conflicts with his allegations. See (id. at 6–7). Therefore, he wants to pursue any such report through additional document requests. See (id. at 7).

Second, Bey states that Defendants' discovery responses revealed that "in February or March of 2022[,] the Security Lieutenants at [SCI] Mahanoy were investigating Holt, and that he was informed that [Bey] submitted false statements against him during this investigation." See (id.). Bey wants "to present this situation as the motive" for Holt's use of excessive force, and he seeks additional discovery relating to the investigation into Holt. See (id.).

Third, Bey indicates that Defendants responded to his request for a "copy of the statements, reports [sic] submitted and relied upon by the Shift Commander to place [Bey] in Administrative Custody on October 30, 2022," by stating that "[n]o such written statements or reports exist." See (id. at 8). Bey claims that despite Defendants' response, those reports should have been prepared in accordance with the DOC's policy, DC-ADM 802. See (id.). Bey desires to "undertake additional discovery . . . to determine whether the reports required by DC-ADM 802 were actually prepared and subsequently destroyed or if the required reports were just never prepared despite the DC-ADM 802 policy." See (id.).

Fourth, Bey claims that he learned through Defendants' discovery responses that Superintendent Mason did not conduct a mandated review of his placement in SCI Mahanoy's Restricted Housing Unit under Administrative Custody status, and she did not identify who conducted the review instead. See (id. at 9). As such, Bey seeks "additional discovery . . . to determine who exactly conducted this mandated review or if this particular procedure was completely ignored." See (id.).

18

Fifth, Bey indicates that Defendants informed him that there were no statements and reports provided to the Program Review Committee ("PRC") Defendants, which conflicts with Kellner's statement that an "investigation into [Bey's] allegation of abuse by a staff member was ongoing." See (id.). Bey therefore seeks discovery "as to how . . . Kellner was informed as to why [Bey] was under security investigation if security was allegedly not sharing any details with the PRC Defendants  and how . . . Kellner was informed that [Bey] was allegedly 'not cooperating.'" See (id.).

Sixth, and finally, Bey points out that he requested Defendants to produce a copy of a "DC-141, Part 4, Facility Manager's Review" explaining the rationale for Superintendent Mason's approval of a fifteen-day continuation of Bey's Administrative Custody status for investigative purposes. See (id.). Defendants informed Bey that they could not locate any documents responsive to this request. See (id.). Bey seeks additional discovery to "determine whether [Superintendent] Mason actually followed [DC-ADM 802's] procedure [relating to the DC-141, Part 4 form], . . . failed to follow this procedure[,] if this document was deliberately deleted from the [DOC's] mainframe misconduct tracking system[,] or if this document was in fact actually discoverable." See (id. at 10).

In requesting that the Court reopen discovery in this case, Bey must show "good cause" for his request. See Fed. R. Civ. P. 16(b)(4) (allowing a district court to modify a scheduling order for "good cause"). This "good cause" inquiry generally "focuses on the moving party's burden to show due diligence," see Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010), and a district court may consider "several factors when determining whether to reopen discovery, including '(1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the

19

discovery extension; and (3) any other factors the . . . court, in its discretion, determines to be relevant.'" See Cramer v. Kerestes, No. 15-cv-01360, 2020 WL 1233630, at *2 (M.D. Pa. Mar. 13, 2020) (citing Trask v. Olin Corp., 298 F.R.D. 244, 267 (W.D. Pa. 2014)).

Here, Defendants did not file a response in opposition to Bey's motion to reopen discovery, and they do not appear to oppose the Court reopening discovery. See (Doc. No. 50-2 at 8 ("Further, to the extent that Plaintiff believes he needs more discovery, Defendants do not oppose a request to re-open discovery in this matter.")). In addition, Bey has demonstrated diligence in prosecuting this matter on his own behalf, there appears to be no potential prejudice to Defendants by reopening discovery, and, other than the age of this case, there are no other factors which would preclude the Court from reopening discovery. Accordingly, the Court will grant Bey's motion,[5] reopen discovery for sixty days, establish a new dispositive motions deadline, deny Defendants' motion for summary judgment without prejudice to them refiling it after discovery has concluded, and deny as moot the parties' other pending motions relating to Defendants' motion for summary judgment.

## IV.    CONCLUSION

For the reasons set forth above, the Court will: (1) grant Defendants' motion to file their response to the Court's November 20, 2025 Order to Show Cause nunc pro tunc, deem their response to be timely filed, and direct the Clerk of Court to docket the response; (2) direct Defendants to pay $7.65 to Bey for his reasonable expenses incurred in filing his First Motion to Compel; (3) deny Bey's Second Motion to Compel to the extent he seeks his reasonable expenses incurred in filing that motion; (4) deny Bey's Third Motion to Compel; (5) deem

---

[5]  By granting this motion, the Court is not determining that the information Bey seeks is discoverable under Federal Rule of Civil Procedure 26 because the parties have not developed a record regarding this issue.

withdrawn Bey's Fourth Motion to Compel; (6) grant Bey's motion to reopen discovery and reopen discovery for a period of sixty days; (7) establish a new dispositive motions deadline; (8) deny Defendants' motion for summary judgment without prejudice to them refiling it once discovery has concluded; and (9) deny the parties' motions for extension of time as moot.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania